The Vice-Chancellor.
The complainants move for leave to produce further evidence, and for a re-hearing in the cause. Also for leave to exhibit a supplemental bill.
I. The motion to open the proofs, and to produce further testimony, is addressed to certain documentary evidence, said to have been discovered since the hearing.
As to the principal document sought to be introduced, the letter or instructions of Queen Anne to Governor Hunter, dated April 14th, 1714, the object of the complainants is accomplished by the defendants assent that the letter may be taken as a part of the testimony before the court, on the argument of the plea.
The other documents said to be newly discovered, are the chancery proceedings which are mentioned in Queen Anne’s letter, and the Colonial Assembly’s Journal, in 170S and 1709, showing the passage of an act to confirm the letters patent granting the Queen’s farm to Trinity Church, and the act itself which it is alleged the then Governor of the colony refused to approve.
Of these it may be said that the act referred to, and the chancery proceedings, are yet to be discovered; for they have not been produced, nor does any person depose that he has ever seen them, or that they can be produced if an opportunity be given for that purpose.
In respect of this motion, there is a fatal objection to it, in the omission of the complainants to make affidavit of their ignorance of the existence of the testimony until after the hearing of the cause. Not one of the parties has made such an affidavit, and it is clear that the deposition of their solicitor is not sufficient, This is not a technical objection. It is founded on reason and good sense. There would be no end to a litigated suit, at law or in equity, if first one party and then the other, after a trial or argument, should be permitted to have another trial or hearing, on the mere affidavit of their respective solicitors or attorneys, that material evidence had come to their knowledge since the first hearing.
If this difficulty were removed, I do not think that the proofs should be opened for the introduction of the proposed evidence. It is not necessary that I should now decide how material it is *371 to the defence, to establish the entire validity of the letters patent, granting the Queen’s farm to the church. The act of 1709, which failed to receive the Governor’s sanction, and the chancery proceedings mentioned in the Queen’s letter of instructions, cannot impair the force of the patent, if it were valid when issued ; nor are the doubts or disputes on the subject, if any there were, admissible to prove its invalidity. Then in regard to the question whether, if invalid, the Crown and the colonial government acquiesced in the grant, there are many portions of the testimony already introduced, which are far more decisive than the proposed testimony can be, on either side of that question. And this testimony is not of a character to add to the weight of evidence on the point.
The motion for a re-hearing and the introduction of further testimony is therefore denied, except as to the letter of instructions, which is to be deemed and taken as evidence in the cause introduced at the hearing.
II. The motion to file the supplemental bill.
This proceeds on the hypothesis, that the defendants proofs at the hearing show that they are to this day the tenants of the people of the state; having held over under their lease of the Queen’s farm, from its expiration in Queen Anne’s time; as tenants under the Crown of England till the revolution, and since that period under the people. And that the people, are therefore necessary parties to a suit affecting the title of the farm in fee simple.
If the hypothesis and its corollary were both conceded, the motion ought not to be granted. Assuming that a defect of parties is thereby established, the defendants have waived that objection, by neglecting to urge it at the proper time. And having waived it, they cannot be delayed after the proofs have been closed, and the cause argued, to permit the complainants to retrace their steps and supply the defect. It is manifest that the latter, if their claims are established, will be entitled to a decree which will be just as conclusive and effectual against the defendants, and will divest them as thoroughly of the property, as if the people of the state had been parties from the beginning. If after ousting the defendants, the complainants desire to run a *372 tilt with the people, for the title to the property, there is nothing, in the frame of this suit to prevent it, and the defendants will have no interest in the contest.
If the alleged right of the people incapacitate the defendants. from settling up an adverse possession against the complainants, the latter have the full benefit of the point as the case now stands.
As to the partition, which it is said the complainants seek of their undivided interest in the Queen’s farm, and that the people are thereby rendered necessary parties ; it suffices to say, that hostile titles cannot be determined in a partition suit; and the complainants claim, is as much adverse to that of the people as it is to the defendants.
A supplemental bill necessarily produces delay, and when the court cannot fail to see that the matters proposed in such a bill are aside from, and unnecessary to, the disposal of the controversy between the parties already at issue ; it becomes the duty of the court to refuse leave to the complainants. There being no good object attainable by it, the consequence is inevitable that it is proposed for delay or vexation. I speak of the legal inference, not of actual intention.
If I could believe that the granting of either of these motions would lead to any useful result, or aid in arriving at a just conclusion on the issue in the cause, or even that it would improve the complainants chance of ultimate success; I should regret exceedingly to be compelled to deny the applications in a suit of such great importance. But I entertain no doubt that it would be unavailing in each of those points of view, to grant the orders for which the complainants move.
The motion for leave to file the supplemental bill is denied with costs. As the complainants are permitted to add to their evidence under the other motion, I will direct the defendants costs of that motion to abide the event of the suit.